UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Palm Beach Division

Case No.:  23-80216-CV-CANNON

WILLIAM J. PULTE, an individual,

                        Plaintiff,

vs.

BRANDON JONES, an individual,

                        Defendant.

_____/

**DEFENDANT, BRANDON JONES'**
**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

DEFENDANT, BRANDON JONES (hereinafter "JONES"), by and through the undersigned counsel, hereby files his Response in Opposition to Plaintiff, WILLIAM J. PULTE (hereinafter "PULTE") Renewed Motion to Remand [DK 7] and in support, JONES states:

**BACKGROUND**

1.      On December 14, 2022, PULTE filed a Complaint in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, captioned *William Pulte, individually v. Brandon Jones*, *Individually,* Case No.: 502022CA012238XXXXMB (the "Lawsuit").

2.      The Lawsuit asserts individual counts against Jones, individually, for Defamation, Interference with a Business Relationship, and Injunctive Relief, alleging that Jones used Twitter "bots" to post alleged defamatory statements.

3.      Plaintiff is a citizen of the State of Florida at all times material to the claims asserting in the Complaint.  (Compl. ¶ 6.)

4.      Defendant, Jones is a citizen of the State of Georgia at all times material to the claims asserted in the Complaint.  (Compl. ¶ 7.)

5.      Defendant, Jones was a Senior Executive of PulteGroup, Inc.  (Compl. ¶ 8.)

6.      On February 8, 2022, Jones removed the Lawsuit to this Court on the basis of diversity jurisdiction. (Doc. 1.)

7.      PULTE filed a Motion for Remand. [DE 7]. Pulte does not challenge the diversity of citizenship.  PULTE's sole argument is that the amount in controversy is purportedly under the jurisdictional limits of $75,000.00 and that JONES has failed by a preponderous of the evidence to show the jurisdictional amount will exceed $75,000.00.

## ARGUMENT AND LAW

Plaintiff does claim a specific amount of damages in his Complaint, and specifically states that he is seeking over $30,000.00, exclusive of attorney's fees and costs, but in no event greater than $74,999.00. (Compl. ¶ 1.)   Where, as here, a Plaintiff specifically alleges an amount of damages less than the amount in controversy required by Section 1332, the defendant must prove "to a legal certainty" that the amount in controversy actually exceeds $ 75,000. *See Burns v. Windsor Insurance Co*., 31 F.3d 1092, 1095 (11th Cir. 1994).

PULTE alleges in the Motion to Remand that because Pulte Capital is not a party to the lawsuit, relying upon its business model as a damage in this case is improper.  However, PULTE makes it clear in multiple spots in the complaint that the alleged "defamatory" tweets interfered with his business.  PULTE alleges in Paragraph 16 of the Complaint that William Pulte founded Pulte Capital Partners LLC. (Compl. ¶ 16.)  PULTE alleges that Pulte Capital has been very successful in business ventures. (Compl. ¶ 16.)  Furthermore, the Complaint alleges specifically that "Pulte has a ***business relationship with persons and companies with whom he does business***

***through Pulte Capital***, familial and through charitable efforts." (Compl. ¶ 90.) (emphasis added).

PULTE alleges that "Jones targeted and engaged in intentional and unjustified interference with

the relationship between Pulte and his existing business relationships. (Compl. ¶ 92.) PULTE then

alleges that "Due to this interference, Pulte has incurred damages. (Compl. ¶ 93.) Therefore,

Plaintiff's own words in the complaint dictate that he is alleging interference with his business,

Pulte Capital, despite arguing that Pulte Capital is not a party to the lawsuit.

As previously noted, per the Pulte Capital Partners LLC website, "We specialize in flexible

transaction structures with particular expertise in strategic partnerships and recapitalizations in

which management teams have an opportunity to retain significant ownership stakes. Our target

transactions typically range from $15 - $200 million in size." [DE 1, Exhibit A]. Therefore, though

the complaint is silent as to which companies' relationships with Pulte Capital Partners LLC were

interfered with, Pulte Capital Partners LLC investment criteria on their website show minimum

deals of $15 million. Furthermore, PULTE did an interview on February 1, 2023, on Fox Business

with Maria Bartiromo where, in response to a question posed about whether the tweets affected

his business, PULTE specifically said they had affected his business. (Starting at the 4:54 time

into the video https://video.foxbusiness.com/v/6318556052112#sp=show-clips)

PULTE simply cannot have this both ways. PULTE cannot hide behind the guise that Pulte

Capital is not a party to the lawsuit while then on the other hand, specifically stating that the alleged

defamation by Jones interfered with the business and as a result, he incurred damages. As such, it

is clear that if PULTE could prevail on his claim for interference with a business relationship, the

damages would exceed $75,000.00.

Plaintiff then argues that PULTE's own words are insufficient to establish the amount in

controversy. However, a review of PULTE's social media posts clearly shows he is seeking more

than $75,000.00 in damages.   Plaintiff has posted on Twitter statements such as "We are uncovering even MORE lies by Brandon Jones which just means MORE LIE-abilities and MORE damages!" [DK 1 Exhibit B]; "Until this is resolved and we are made whole again (thank God for a fair tort system), we will continue to expose." [DK 1, Exhibit C]; "I'm suing the hell out of Mr. Brandon Jones. Jones brings scandal to Pulte Homes by running Twitter Bots to smear me, The Pulte Family, undisclosed tweets about $PHM stock, and we have evidence of attacks against some of YOU." [DK 1, Exhibit D].  Recently, PULTE has posted "FILED. We ARE OPPOSING Brandon Jones new motion to flee from Florida to Federal Court.  Fortune 500 Ex-Executives shouldn't behave this way.  He wants to shove his liability onto "PulteGroup" instead of just apologizing to me and my family? Subpoenas, legal costs, etc.? $PHM."

Therefore, a reasonable reading of the complaint demonstrates that the amount in controversy will exceed $75,000.00, notwithstanding plaintiff's conclusory statement that the amount of damages in controversy is less than $74,999. *See Skipper v. CSG Systems, Inc.,* 2005 WL 8162898 (N.D. Fla 2005).  As such, JONES has conclusively demonstrated that the amount in controversy will exceed $75,000.00.

## **CONCLUSION**

WHEREFORE, JONES has conclusively demonstrated that the amount in controversy will

exceed $75,000.00 and as such, this Court should deny PULTE's Renewed Motion to Remand.

Respectfully Submitted this 2nd Day of March 2023.

By: _____

Daniel P. Stiffler, Esq.
Florida Bar No.: 028754
Gary F. Baumann, Esq.
Florida Bar No.: 089052
BAUMANN, GANT & KEELEY, P.A.
1401East Broward Boulevard, Ste. 200
Fort Lauderdale, FL 33301
Telephone: (954) 440-4611
Facsimile: (954) 440-4613
Attorneys for Defendant,
*BRANDON JONES*